James S. Bbowu, J.
In this third-party action instituted hy plaintiff as assignee pursuant to section 29 of the Workmen’s Compensation Law defendant moves to dismiss the complaint for failure of the plaintiff to prosecute the action with due diligence, granting judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice and for summary judgment. The papers reveal that plaintiff’s assignor, who was an employee of plaintiff, was injured in an accident which occurred on June 20, 1950. A claim for workmen’s compensation was thereafter filed by the injured employee. On June 5 or 6, 1953 plaintiff, apparently pursuant to the provisions of section 29 of the Workmen’s Compensation Law, instituted the instant action even though no award for compensation had been made by the Workmen’s Compensation Board. Issue was joined by the service of the defendant’s answer on October 23,1953. On July 7,1955, Mr. Justice Olliffe denied defendant’s motion to dismiss for failure to prosecute. In connection with that application plaintiff submitted an affidavit in which it stated ‘ ‘ As soon as a decision is rendered by the Compensation Board on the claim of plaintiff’s assignor and employee, the plaintiff, the City of New York, will notice this case for trial.” On November 10,1955, the compensation board rendered a decision on the claim of the employee against plaintiff. Four years and eight months have elapsed since the joinder of issue and two years and eight months since the decision was rendered in the workmen’s compensation matter, and only when the instant motion was made did plaintiff attempt to place the case on the calendar. Plaintiff’s excuse that it was waiting to determine the permanency of the employee’s injuries before it would file its note of issue is not such a reasonable excuse as to warrant the exercise of the court’s discretion in denying the motion (Brassner Mfg. Co. v. Consolidated Edison Co. of N. Y., 1 A D 2d 840; Taylor v. Savoy Ballroom Corp., 3 A D 2d 675). The motion is granted.
The relief requested for judgment on the pleadings and summary judgment becomes academic and the court does not pass upon them.
Settle order on notice.